IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                                  CRIMINAL NO. 1:01cr77WJG-JMR-1

BRANDY PINCHBACK

O R D E R

This cause comes before the Court on the motion of Defendant Brandy Pinchback for a reduction of sentence [18-1] to allow her to participate in the Intensive Confinement Program which the Court will construe as a motion to modify her previously imposed sentence pursuant to 18 U.S.C. § 3553(b).

Pinchback pleaded guilty on June 11, 2002, to Count 1 of the indictment in this cause which charged her with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846.  (Ct. R., Doc. 16.)  Count 1 of the indictment provides as follows:

> That on or about March 2000, . . . in George County, in the Southern Division of the Southern District of Mississippi, Brandy Pinchback, did knowingly and willfully conspire and agree with others to knowingly and intentionally possess with intent to distribute in excess of 50 grams but less than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule III(a)(3) controlled substance, in violation of Section 841(a)(1), Title 21, United States Code.

(Ct. R., Doc. 1, Indictment.)

Sentencing was held on May 23, 2004.  (Ct. R. Doc. 14.)  Pinchback's sentence provides as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 78 months. The cost of incarceration is waived.
>
> The Court makes the following recommendations to the Bureau of Prisons: That the defendant be placed in a facility closest to her home for which she is eligible and that she participate in the 500-hour drug program offered by the BOP.

(Ct. R., Doc. 17, p. 2.)

The executed judgment in this case, filed August 8, 2002, provides that Pinchback was delivered to FPC at Marianna, Florida on July 26, 2002. (*Id.*)

Pinchback asserts that in order to participate in the Bureau of Prisons' [BOP] shock incarceration program, the BOP requires that an inmate be sentenced to a term of imprisonment of not more than 60 months. (Ct. R., Doc. 18, p. 1.) She claims that she would benefit greatly by participating in the program, so she requests that her sentence be reduced to allow her to qualify for participation in the shock incarceration program. (*Id.*, p. 2.) Although Pinchback characterizes her motion as one seeking a reduction of sentence, it appears from the pleadings that she seeks to attack the execution of her sentence. The proper means to challenge the manner in which a sentence is executed is to file a motion pursuant to 28 U.S.C. 2241. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Such a motion must be filed in the district of confinement, and should name the warden as respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Moreland v. Federal Bureau of Prisons*, 431 F.3d 180, 183 (5th Cir. 2005). It appears that Pinchback submitted her motion to the wrong federal district court, as she is incarcerated at Marianna, Florida, and not in a federal facility within this judicial district.

Nevertheless, and in the interest of justice, the Court finds that the motion lacks merit, and should be denied, for the following reasons. The United States Congress gave the BOP

discretion to place prisoners "sentenced to a term of imprisonment of more than 12, but not more than 30, months" into a shock incarceration program, also known as boot camp.  Crime Control Act of 1990, Pub.L. 101-647, codified at 18 U.S.C. 4046.  This program, however, was eliminated on January 14, 2005.  The program Pinchback seeks to enter is no longer in existence.  The Court, therefore, finds that her motion for sentence reduction in order that she could qualify for the shock incarceration program should be denied with prejudice.

In addition, a defendant's rehabilitative potential is not a valid basis for a downward departure.  *United States v. O'Brien,* 950 F.2d 969, 971 n.1 (5th Cir. 1991) (citing *United States v. Lara-Velasquez,* 919 F.2d 946, 955 (5th Cir. 1990)), *cert. denied,* 506 U.S. 819 (1992).  Finally, the BOP has "sole discretion" to determine the facility and the treatment programs, if any, to which a federal prisoner should be placed.  *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995); 18 U.S.C. § 3621.

As a result, this Court concludes that Pinchback's motion to amend her sentence is not well-taken and should be denied.  It is, therefore,

ORDERED that Pinchback's motion for reduction of sentence [18-1] be, and is hereby, denied.

SO ORDERED  this the 8th day of January, 2007.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE
